**FILED**

**August 1, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:00 A.M**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Miguel Betances | ) | Docket No.   2016-08-0883 |
| | ) | |
| v. | ) | State File No. 59040-2016 |
| | ) | |
| Brock Services, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed and Remanded - Filed August 1, 2017

---

In this interlocutory appeal, the employer asserts the trial court erred in awarding the employee temporary disability benefits, arguing the evidence supports its contention that the employee was terminated for cause for abandoning his job, thereby eliminating its obligation to provide temporary disability benefits.   The parties agreed the employee suffered a compensable work-related injury, but disagreed whether the employee voluntarily abandoned his job and whether he was terminated for cause for violating the employer's attendance policy.  Following an expedited hearing, the trial court found the employer did not terminate the employee for cause and ordered temporary disability benefits.  The employer has appealed.  Discerning no error, we affirm the trial court's decision and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Marianna L. Jablonski, Knoxville, Tennessee, for the employer-appellant, Brock Services, LLC

Miguel Betances, Memphis, Tennessee, employee-appellee, pro se[1]

---

[1] Mr. Betances was represented by counsel at the expedited hearing.  During the pendency of this appeal, he discharged his attorney, electing to proceed pro se.  Prior to his discharge, Mr. Betances' attorney timely filed a brief on appeal.  We have considered the brief submitted by counsel, but have not considered the filings submitted by Mr. Betances prior to his attorney's withdrawal from the case.  The filings submitted by Mr. Betances subsequent to the attorney's discharge were not timely and no motion to allow a late-filed brief was filed.  Accordingly, we have not considered the untimely submittals.  *See*

**Memorandum Opinion**[2]

Miguel Betances ("Employee") was working for Brock Services, LLC ("Employer"), as a painter when he suffered injuries to his left hip, left hand, and right elbow as a result of a fall. Employer accepted the claim as compensable and provided medical care and some temporary disability benefits. However, Employer terminated temporary disability benefits after determining Employee had abandoned his job, which Employer contends relieved it of its obligation to pay temporary disability benefits. Employee contends he did not voluntarily abandon his job, but was instructed by his supervisor to leave the jobsite because of his complaints of pain resulting from his work-related injuries.

Employee's fall occurred on July 18, 2016. He received medical care the following day at Concentra Medical Center, and the attending medical care provider returned Employee to work with restrictions. The parties dispute whether the modified duties assigned to Employee complied with those restrictions, but the evidence is undisputed that Employee continued to work for Employer through July 29, 2016. After that date, the parties' accounts of the events diverge.

Employee, the only witness to testify in person at the expedited hearing, stated that during the time he was working with medical restrictions, his supervisor threatened to fire him "whenever [he] complained about pain," and that his supervisor required him to perform work that violated the assigned restrictions. He further testified that on August 1, 2016, his supervisor, Felix Ortiz, dismissed him from the jobsite at the direction of Marcus House, the project manager. Employee alleges his company identification badge was taken from him and he was instructed not to return to the jobsite.

Through testimony presented in affidavits, Employer disputed Employee's version of events. Employer asserted that after July 29, 2016, Employee simply stopped appearing for work. Mr. Ortiz's affidavit indicates he attempted to contact Employee on multiple occasions regarding why he had not shown up for work. On each occasion, he indicated Employee provided an excuse and a promise he would be at work the following day. After several days of following up with Employee regarding a return to the jobsite and a visit to Employee's home to discuss his absences, Mr. Ortiz considered Employee to be a "no call/no show" and to have "voluntarily left [his] position with [Employer]."

---

*Lightfoot v. Xerox Business Servs.*, No. 2015-01-0233, 2016 TN Wrk. Comp. App. Bd. LEXIS 43, at *12-14 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2016).

[2] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

Employer alleges it administratively terminated Employee on August 14, 2016, based upon job abandonment and/or Employee's violation of its attendance policies.

On September 20, 2016, Employer sent correspondence to Employee stating it had been advised that Employee's treating physician "has continued your release to return to work on restricted work duty medical release status." It stated the letter "is to advise you that we do have work available for you at our Brock worksite and request you return to work." Additionally, it stated that Employer "will work with you on any of the work restrictions and medical appointment schedules you may continue to have," and that Employee "must respond to this letter by calling Allison Edward[s] . . . within five (5) days of your receipt of this letter in order to discuss your return to work schedule with Brock Services." Finally, the letter stated "[i]f you do not call Ms. Edward[s] or return to work as requested, you may not continue to receive any temporary disability benefits."

Employee was in the Dominican Republic, his country of origin, when he received the letter. He testified "[t]his is a communication made on September 20th, one day after I had informed the case manager that on the 24th, I was going to be going out of the country for a couple of days." He testified his wife received the letter and let him know what was in it; that he did not receive the letter until October 13, 2016; and that "as soon as [he] got notice of this letter, [he] bought a ticket and [he] flew back." He testified he called Ms. Edwards on October 18 and she told him to come to her office the following day and to "bring [her] all of [his] medical restrictions." Employee took the medical records to Ms. Edwards as instructed. Ms. Edwards stated in an affidavit that Employee "came into [her] office on October 19, 2016, to inquire about returning to work for Brock Services," and that she informed him "the position offered to him on September 20, 2016 was no longer available."

Employer paid Employee his regular wages through August 14, 2016, and it paid temporary disability benefits through October 5, 2016. On November 16, 2016, Employee filed a petition for benefit determination requesting that Employer be compelled to resume paying temporary disability benefits. Following an expedited hearing, the trial court concluded Employee's termination was not for cause and ordered Employer to pay past and ongoing temporary disability benefits. Employer has appealed.

The trial court found Employee's version of the events concerning his termination to be credible, stating "when considered against the affidavits of the Brock employees and the evidence discussed further within this order, the Court also finds the evidence preponderates in favor of [Employee]." The trial court concluded Employer's position that Employee abandoned his job and had consequently been administratively terminated in mid-August was inconsistent with Employer's behavior, finding Employer "did not accommodate [Employee's] light duty restrictions or provide a justifiable reason for not doing so." Specifically, the trial court observed that Employer continued to pay Employee his salary until August 14, 2016; that Employer paid temporary disability

benefits until October 5, 2016; that Employer had never provided Employee with a notice of separation or any other document indicating the employment relationship had ended; and that Employer had offered Employee a light duty position via correspondence dated September 20, 2016.

While the prior payment of temporary disability benefits cannot be considered a binding determination of an employer's obligation to make future payments, *see* Tenn. Code Ann. § 50-6-205(d)(2) (2017), a trial judge may consider whether such payments are consistent with a position advanced by an employer. Moreover, the trial court found the statement in the supervisor's affidavit that light duty work "would have remained available to [Employee] throughout his medical treatment if he had continued to come to work" to conflict with Ms. Edwards' statement to Employee on October 19, 2016 that the light duty position "was no longer available." The trial court concluded that "[i]n summary, the Court finds [Employer] did not accommodate [Employee's] light duty restrictions or provide a justifiable reason for not doing so. It could have, but did not, enforce its attendance rule in August."

We review the trial court's decision with "a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2017). Furthermore, when the trial court has seen and heard the witnesses, considerable deference must be given to the trial court's credibility findings. *Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008). As we have previously stated,

> even though an employee has a work-related injury for which temporary benefits are payable, the employer is entitled to enforce workplace rules. Thus, an employee's termination due to a violation of a workplace rule may relieve an employer of its obligation to pay temporary disability benefits if the termination was related to the workplace violation. When confronted with such a case, courts must "consider the employer's need to enforce workplace rules and the reasonableness of the contested rules." An employer will not be penalized for enforcing a policy if the court determines "(1) that the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectations; and (2) that those actions were, as a factual matter, the true motivation for the dismissal."

*Barrett v. Lithko Contracting, Inc.*, Nos. 2016-06-0186, -0188, & -0189, 2016 TN Wrk. Comp. App. Bd. LEXIS 70, at *9 (Tenn. Workers' Comp. App. Bd. June 17, 2016) (citations omitted).

As in the present case, *Barrett* concerned a dispute between an employer and an employee with respect to whether the employee's termination was for cause. We

4

observed that the "testimony presented by the parties was conflicting, and the trial court had to resolve those conflicts." *Id.* at *11. The same is true here. Employer presented affidavit testimony indicating Employee had abandoned his job. Employee testified he did not abandon his job, but was dismissed from the jobsite because he complained of pain resulting from his work-related injuries. The trial court considered the conflicting testimony and Employer's continued payment of regular wages for two weeks followed by its payment of temporary disability benefits and concluded Employee had not been terminated for cause.

Considering the record in its entirety, we find the evidence does not preponderate against the trial court's determination that Employee would likely prevail at trial in establishing his entitlement to past and ongoing temporary disability benefits. Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

5

**FILED**

**August 1, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:00 A.M**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Miguel Betances | ) | Docket No.   2016-08-0883 |
| | ) | |
| v. | ) | State File No.  59040-2016 |
| | ) | |
| Brock Services, LLC, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 1st day of August, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Miguel Betances | | | | | X | armandobetances@hotmail.com |
| Marianna L. Jablonski | | | | | X | mjablonski@wimberlylawson.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov